DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tina M. Alarcon, ) | |
| ) | CASE NO. 5:07 CV 0230 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| Transunion Marketing, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Before the Court are: (1) the motion of defendant Experian Information Solutions, Inc. ("Experian") for partial judgment on the pleadings (Doc. No. 15); and (2) the motion to dismiss of defendant Providence Health System-Southern California d/b/a St. Joseph Medical Center ("St. Joseph") (Doc. No. 23). Plaintiff has filed her memorandum in opposition to each. (Doc. Nos. 54 and 53, respectively). For the reasons outlined briefly below, both motions are denied.

**Experian's Motion for Partial Judgment on the Pleadings (Doc. No. 15)**

Experian argues in this motion that a private litigant is not permitted to obtain injunctive relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Therefore, according to Experian, any such claim should be dismissed and any common law claim for injunctive relief would be preempted.

(5:07 CV 0230)

Plaintiff argues in opposition that courts are divided on this issue and neither the Northern District of Ohio nor the Sixth Circuit Court of Appeals has ruled. She further asserts that nothing in the FCRA, which allows the Federal Trade Commission to seek injunctive relief, would prohibit this Court from granting such relief to a private litigant. See Andrews v. Trans Union Corp., 7 F.Supp.2d 1056, 1084 (C.D.Cal. 1998) ("even if the FCRA does not allow injunctive relief on behalf of the public, this Court finds that it does allow injunctive relief on the plaintiff's own behalf").[1]

The Court is of the view that it is premature to decide this legal issue. Further, the Court is preliminarily persuaded by the reasoning in Andrews that injunctive relief for a prevailing private litigant would further the purposes of the FCRA.

The Court is of the further view that it would serve all parties better if they were to take this action seriously[2] and expend their efforts toward resolving the case, not merely narrowing the issues by bits and pieces.[3] Plaintiff, if her allegations prove true, has suffered a significant

---

[1] Andrews also permitted the prayer for injunctive relief because the plaintiff had stated a claim under a California state statute which allowed injunctive relief for litigants acting as private attorneys general on behalf of the public. Here, plaintiff has not set forth any similar state law claim. Her sole state law claims are for common law negligence and tortious interference.

[2] This is a classic case of David v. Goliath and the defendants seem to sense that fact. Although the case is only about three months old, the docket already contains, as of the date of the drafting of this Order, fifty-eight entries, many seeking extensions of time and relief from personal attendance at the Case Management Conference, a requirement of this district's local rules. The Court already has the impression that the defendants plan to use their "Goliath" position to beat down the plaintiff ("David"), rather than expend their energies to reach a joint resolution reasonably satisfying to all.

[3] This defendant, and all parties for that matter, are also put on notice that the

(continued...)

(5:07 CV 0230)

injury as a result of identity theft.  Rather than standing in the way of her relief, the defendants should be trying to find ways to resolve this litigation sooner rather than later and to making plaintiff whole.

Defendant Experian's motion for partial judgment on the pleadings (Doc. No. 15) is denied.

**Motion to Dismiss of Defendant St. Joseph (Doc. No. 23)**

St. Joseph moves for dismissal from the case pursuant to Fed. R. Civ. P. 12(b)(6) and, in particular, for dismissal of the two counts where it is named, Count II (FCRA Violation) and Count III (Negligence).

This motion is denied.  Plaintiff has stated a claim for "flat rating," a practice under which a creditor "creates the false impression that someone (usually a collection agency) besides the actual creditor is 'participating' in collecting the debt."  White v. Goodman, 200 F.3d 1016, 1018 (7th Cir. 2000) (citing 15 U.S.C. § 1692j(a)).  "The flat-rater is thus not the creditor, but the counterpart of a contributory infringer in the law of intellectual property; he furnishes a deceptive instrumentality to the primary violator.  Id.[4]

---

[3] (...continued)
undersigned does not favor "rolling" dispositive motions, which it views as a waste of time for both itself and the parties.  Energies early on in the case should not be put toward filing motions on obscure and/or narrow issues.  Rather, energies should be put toward complying with the Court's Case Management Scheduling Order and, hopefully, early resolution of the litigation.

[4] "The classic 'flat-rater' effectively sells his letterhead to the creditor, often in exchange for a per-letter fee, so that the creditor can prepare its own delinquency letters on that letterhead. Use of a third party's letterhead gives the delinquency letters added intimidation value, as it
(continued...)

3

(5:07 CV 0230)

Accordingly, Doc. Nos. 15 and 23 are both denied. The Court will proceed as scheduled with the Case Management Conference on May 15, 2007.

IT IS SO ORDERED.

| | |
|---|---|
|   April 20, 2007 |   *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[4] (...continued)
suggests that a collection agency or some other party is now on the debtor's back." Nielsen v. Dickerson, 307 F.3d 623, 633 (7th Cir. 2002) (internal citations omitted).